UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JOSHUA TILLINGHAST                      :
                                        :
            v.                          :        C.A. No. 13-797S
                                        :
C/O SOUSA, et. al.                      :


**REPORT AND RECOMMENDATION FOR**
**SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge


**Background**

Pending before me for determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On December 26, 2013, Plaintiff Joshua Tillinghast, a current inmate at the Adult Correctional Institutions ("ACI") in Cranston, Rhode Island, filed a pro se Complaint in this Court against several prison officials. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $400.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, I conclude that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review Plaintiff's Complaint sua sponte under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." For the reasons discussed below, I recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE because it fails to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**Facts**

According to Plaintiff's allegations, he arrived at the High Security Center of the ACI on November 1, 2012. (Document No. 1 at 5). Although he was not in need of medical treatment, Plaintiff was placed in a "rear room" in the "hospital area," due to "overcrowding." While in the hospital area, he was permitted to receive commissary orders and possess a radio. Id. On November 14, 2012, the room to which he was assigned was needed for another inmate. Id. Although he was not moved for disciplinary reasons, Plaintiff was temporarily placed in "D-Mod," a mental health unit, that does not permit inmates to possess a radio or to receive commissary. Id. Accordingly, Plaintiff's radio and existing commissary items were inventoried and placed into storage until he could be relocated to another unit. Id. Plaintiff asserts that he was told that he could get his property back once he was moved out of D-Mod. Id. at 6.

On December 4, 2012 Plaintiff was placed in "A-Mod" and was therefore eligible to receive commissary items and possess his radio. Id. Plaintiff then "put in multiple 'request' (slips) to have my property, wrongfully taken from me in Nov. 2012 returned to me." Id. While Plaintiff did receive his radio, he was told all of his commissary items had been destroyed. Plaintiff filed a "Level One" grievance on January 8, 2013 and a "Level Two" grievance on March 4, 2013 seeking reimbursement for his destroyed commissary items. (Document No. 1-1 at 1-2). His Level One grievance was denied with the Response: "[b]ased on a review of the investigator, I find that the items were properly disposed of per High Security procedures. Your grievance is denied." (Document No. 1-1 at 1). His Level Two grievance was denied with the Response: "Mr. Tillinghast, You signed authorization to have your commissary items destroyed after the 30 days. You were placed in A-Mod on 12/4/2012. There was no record of you requesting your commissary items,

therefore, your items remained in the committing room for 45 days at which point they were destroyed, in accordance with procedure.  Hence your grievance is denied." (Document No. 1-1 at 2).

Attached to Plaintiff's Complaint are copies of his grievances as well as a document entitled "Inmate Property Record (Supplemental)" signed November 13, 2012 with Plaintiff's last name, Inmate ID Number 139224 and a notation that it is for the H.S.C.  The document contains a handwritten list of items including "Whey pro," "oatmeal," "chili mix," "milk mix" and several additional items. (Document No. 1-1 at 5).  The items listed on the Inmate Property Record match the commissary items listed in Plaintiff's Complaint that were confiscated and later destroyed. (Document No. 1-1 at 4).  The Inmate Property Record contains a signature under "Inmate's Signature."  Further, the Inmate Property Record states: "[p]roperty not disposed of by me will be donated or destroyed after thirty (30) days..."  Id. at 5.  Plaintiff asserts that he "never signed 'authorization' to destroy my property and no (form) exists to state I signed." (Document No. 1 at 6).

Plaintiff claims that Defendants violated his civil rights in connection with moving him to D-Mod and in confiscating and ultimately destroying his commissary items.  He seeks compensatory and punitive damages against each Defendant in their individual capacity as well as an injunction ordering the ACI to create a new policy to ensure a similar violation does not occur in the future.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action is frivolous, fails to state a claim or seeks damages from a defendant with immunity.  28 U.S.C. § 1915(e)(2)(B).  The standard for dismissal of an action filed

IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).  See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002).  In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts."  Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996).  At the same time, the court need not credit bald assertions or unverifiable conclusions. Ashcroft v. Iqbal, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (internal quotations omitted).  Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(I).  A claim "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).

### Discussion

I recommend that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).  In making this recommendation, I have taken all of the allegations in Plaintiff's Complaint as true and have drawn all reasonable inferences in his favor.  Estelle v. Gamble, 429 U.S. 97 (1976).  In addition, I have liberally reviewed Plaintiff's allegations and legal claims since they have been put forth by a pro se litigant.  See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, dismissal is required.

Plaintiff filed his Complaint pursuant to 28 U.S.C. § 1983.  In order to prevail in a Section 1983 action, a plaintiff is required to show that the complained-of conduct (1) was committed by a person acting under color of state law; and (2) deprived the plaintiff of a constitutional right or a federal statutory right.  Watrous v. Salisbury, No. 09-599S, 2010 WL 2035364 *3 (D.R.I. April 27,

2010) citing Gomez v. Toledo, 446 U.S. 640 (1980).  Defendants in this case are state employees, acting under color of state law pursuant to Section 1983.  However, Plaintiff's two claims both suffer from the same fault: although he has alleged a constitutional violation, a review of his claims reveals that he has failed to state a claim upon which relief may be granted regarding either of his claims.  Plaintiff sets forth two allegations:  his first allegation, while not artfully plead, sets forth a due process challenge to the ACI "policy" that caused him to be transferred to different areas of the ACI and to lose his commissary privileges.  Plaintiff's second allegation is that Defendants violated the Due Process Clause of the Fourteenth Amendment when they destroyed his personal property without compensation.

Plaintiff's first plaint is that "[t]he denial of 'privileges' due to 'overcrowding' – lack of space, is unconstitutional."  (Document No. 1 at 7).  Plaintiff cites Holloway v. Lockhart, 792 F.2d 760 (8th Cir. 1986), in support of this claim.  Holloway concerns an Arkansas inmate's due process claims following the confiscation of his radio and carbon paper.  Holloway does not concern overcrowding.  Although Plaintiff complains of "overcrowding" several times throughout his Complaint, each allegation of "overcrowding" is coupled with his dissatisfaction with his transfer and subsequent housing assignment.  Thus, as best the Court can construe, Plaintiff is complaining that Defendants violated his rights and its own internal policy when it transferred him to the Hospital Area, as well as D-Mod, because he contends that neither of those classifications applied to Plaintiff.  Plaintiff attributes those transfers to overcrowding.

In order to prevail on a procedural due process claim, a plaintiff must demonstrate a violation of a life, liberty or property interest.  See Wilkinson v. Austin, 545 U.S. 209, 221 (2005).  However, neither the Constitution nor Rhode Island state law creates a liberty interest in an inmate

classification procedure. <u>Tucker v. Wall</u>, 07-406 ML, 2010 WL 322155 (D.R.I. Jan. 27, 2010) <u>citing</u>

<u>Meachum v. Fano</u>, 427 U.S. 215, 225 (1976); <u>Bishop v. State</u>, 667 A.2d 275, 277 (R.I. 1995).

Further, Plaintiff does not provide allegations demonstrating that the transfer to the Hospital Area

or to D-Mod imposed an "atypical and significant hardship on [him] in relation to the ordinary

incidents of prison life." <u>Tucker</u>, 2010 WL 322155 at *8 (citation omitted). Plaintiff's own

allegations are that he was initially placed in the Hospital Area for a two-week period, followed by

a transfer to D-Mod for a two-week period. The transfer to D-Mod caused Plaintiff to lose his

access to his radio and commissary, but the loss of such privileges does not constitute a

constitutional violation. Moreover, this Court has previously held that, even if a Plaintiff claims that

his transfers or classifications were a violation of "internal ACI policy," that does not "create a

constitutional violation." <u>Id.</u> at *9. Accordingly, Plaintiff's first claim alleging an unconstitutional

"denial of privileges due to overcrowding" fails to state a claim.

Plaintiff's second claim alleges that Defendants violated his Fourteenth Amendment Due

Process rights by taking his personal property and not compensating him when it was destroyed.

To prevail on this claim, Plaintiff must demonstrate a violation of a life, liberty or property interest.

<u>See</u> <u>Wilkinson</u>, 545 U.S. at 221. Unlike his prior claim, Plaintiff does have a protected interest in

his personal property. <u>Watrous</u>, 2010 WL 2035364. However, even where, as here, Plaintiff has

a protected property interest, not all deprivations of property, absent adequate procedural

protections, rise to the level of a constitutional violation. The <u>Paratt-Hudson</u> doctrine establishes

that, "[w]hen a deprivation of a property interest is occasioned by random and unauthorized conduct

by state officials,...the due process inquiry is limited to the issue of the adequacy of the

postdeprivation remedies provided by the state." <u>Parker v. Wall</u>, No. 10-040ML, 2010 WL 4455818

(D.R.I. Oct. 6, 2010) quoting Hadfield v. McDonough, 407 F.3d 11, 19 (1st Cir. 2005).  "An act is random and unauthorized when it is a flaw in a government official's conduct rather than a flaw in the underlying state law itself."  Ciampi v. Zuczek, 598 F. Supp. 2d 257, 263 (D.R.I. 2009).   In the present case, Plaintiff is specifically claiming that the Defendants "violated 'policy' by taking my 'privileges' of: radio, food, etc...."  (Document No. 1-1 at 7) (emphasis added). As noted by the Court in Watrous, "regardless of whether such actions were negligent or intentional, as they were not pursuant to state law or policy, they were random and unauthorized."  2010 WL 2035364 at *4. Accordingly, because the conduct of the state officials was "random and unauthorized," the Court must consider the adequacy of the post-deprivation remedies afforded to Plaintiff.

The First Circuit has held that a sufficient procedural due process claim must allege deprivation of a property interest without adequate process and also that available state law remedies are inadequate to address the deprivation.  See Ramirez v. Arlequin, 447 F.3d 19, 25 (1st Cir. 2006) (affirming dismissal of procedural due process claims where plaintiffs failed to allege that there was no complete and adequate remedy under state law); and Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 999 (1st Cir. 1992) (citing Zinermon v. Burch, 494 U.S. 113, 125-126 (1990)) (describing as "critically important" the inclusion of an allegation in the complaint that states law remedies are inadequate to redress the challenged deprivation).   In Watrous, the Court noted that the Plaintiff's claim turned on whether Rhode Island law provided adequate post-deprivation remedies.  In that case, as in this case, the answer is yes – Rhode Island law provides adequate post-deprivation remedies.  See also Parker v. Wall, No. 10-040 ML, 2010 WL 4455818, *4 (D.R.I. Oct. 6, 2010) ("the state of Rhode Island provides post-deprivation state remedies for property loss claims") (citing cases).  Because there are state law remedies available to Plaintiff, his

procedural due process claim regarding the loss of his commissary items does not state a claim under 42 U.S.C. §1983.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED.  However, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii), I further recommend that Plaintiff's Complaint be DISMISSED WITH PREJUDICE.  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/  Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
March 12, 2014